*Ray & Hardin,* for appellee.

---

ELIZ N. ARNOLD ET AL *v.* JOHN BREHMER ET AL.

Dower—Right to Collect Rents on Mansion House until Dower Assigned.
    Though the rents from a deceased estate including the mansion house, may amount to more than the wife's one-third of the rental value of the whole estate, she cannot be deprived of the rents to her exclusively from the mansion house, since she is entitled to hold that and curtilage without charge until her dower may be assigned her.

APPEAL FROM HARDIN CIRCUIT COURT.

October 16, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

It does not appear from the averments of the petition that Mrs. McBurnett was not entitled to all the rent of the store house occupied by Garam & Co. in her right as widow of W. D. Arnold, her dower not having been assigned; and there being a farm of about 227 acres of land belonging to the estate as well as the store house rented to Garam & Co. and the dwelling occupied by McBurnett and wife. The allegation that the rental value of the dwelling house was more than one-third of the rental value of the whole estate may be true and yet Mrs. McBurnett may have been

entitled to collect and retain the rents of the store house until dower should be assigned her, as by the 9th section of Article 4 of Chapter 47 of the Revised Statutes (2nd Vol., 26), she was entitled to hold the mansion house and curtilage without charge therefor until the allotment of her dower.

It seems to us the court properly sustained the defendant's demurrer to the petition and dissolved the injunction, and as the plaintiffs would not plead further, the action was rightly dismissed.

Wherefore the judgment is affirmed.

*Brown & Murray, for appellants.*

*Wilson, for appellees.*